# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

See other side for instructions

**STATE OF CONNECTICUT
SUPERIOR COURT**
www.jud.ct.gov

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.

☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.

☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 1 Court Street | ( 860 ) 343-6400 | August 22, 2017 |

| ☒ Judicial District   ☐ Housing Session | ☐ G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) Middletown | Case type code (See list on page 2) Major: T   Minor: 90 |
|---|---|---|---|

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Howard, Kohn, Sprague & FitzGerald, LLP, 237 Buckingham Street, Hartford, CT 06106 | 028160 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| ( 860 ) 525-3101 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☒ Yes   ☐ No

Email address for delivery of papers under Section 10-13 (If agreed to): jfs@hksflaw.com

Number of Plaintiffs: 1   Number of Defendants: 2   ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Treat-Perry, Lisa<br>Address: 12 Ledgerbrook Road, Moodus, CT 06469 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: Sea Research Foundation, Inc. D/B/A Mystic Aquarium; Agent for Service: Stephen B. Hazard<br>Address: McElroy, Deutsch, Mulvaney & Carpenter, LLP, One State Street, 14th floor, Hartford, CT 06103 | D-01 |
| Additional Defendant | Name: Mystic Aquarium; Agent for Service: Stephen B. Hazard<br>Address: McElroy, Deutsch, Mulvaney & Carpenter, LLP, One State Street, 14th floor, Hartford, CT 06103 | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

**Notice to Each Defendant**

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court   ☐ Assistant Clerk | Name of Person Signing at Left: James F. Sullivan | Date signed: 08/14/17 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date: 08/14/17 | Docket Number |
|---|---|---|---|

(Page 1 of 2)

| | |
|---|---|
| RETURN DATE:  August 22, 2017 | SUPERIOR COURT |
| LISA TREAT-PERRY | J.D. OF MIDDLESEX |
| v. | AT MIDDLETOWN |
| SEA RESEARCH FOUNDATION, INC. d/b/a MYSTIC AQUARIUM and MYSTIC AQUARIUM | July 14, 2017 |

## COMPLAINT

**Count One:** [Violations of the Connecticut Minimum Wage Act C.G.S. § 31-58, *et seq.*]

1. Lisa Treat-Perry is an individual who resides at 12 Ledgerbrook Road, Moodus, Connecticut 06469 and is a former employee of the Sea School at Mystic Aquarium.

2. Defendant Sea Research Foundation, Inc. is a domestic corporation organized and existing pursuant to the laws of the State of Connecticut with a principal place of business located at 55 Coogan Boulevard, Mystic, Connecticut 06355 and does business as Mystic Aquarium.

3. Mystic Aquarium, located at 55 Coogan Boulevard, Mystic, Connecticut 06355, operates, *inter alia*, a licensed pre-school and summer camp for young children at the aquarium under the rules and regulations set by the State of Connecticut's Office of Early Childhood and claims to comply with all state and local regulations.

4. At all relevant times mentioned herein, Mystic Aquarium was a subsidiary of defendant Sea Research Foundation, Inc.

5. At all relevant times mentioned herein, defendant Sea Research Foundation, Inc. had an annual gross volume of sales in excess of $500,000.

6. At all relevant times mentioned herein, Mystic Aquarium had an annual gross volume of sales in excess of $500,000.

7. At all relevant times mentioned herein, defendant Sea Research Foundation, Inc. d/b/a Mystic Aquarium was subject to the provisions of the Connecticut Minimum Wage Act, C.G.S. §§ 31-58, et seq. ("CMWA"), and the provisions of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA").

8. At all relevant times mentioned herein, defendant Sea Research Foundation, Inc. d/b/a Mystic Aquarium was an employer as that term is defined by the CMWA at C.G.S. §§ 31-58(e) and 31-71(a)(1) and by the FLSA at 29 U.S.C. § 203(d).

9. At all relevant times mentioned herein, plaintiff Lisa Treat-Perry was an employee of the defendants as that term is defined by the CMWA at C.G.S. §§ 31-58(f) and 31-71(a) and by the FLSA at 29 U.S.C. § 203(e)(1).

10. In early 2014, the defendants hired Lisa Treat-Perry to be the "lead teacher" at the Sea School at Mystic Aquarium which position was essentially the head day care worker at the pre-school. As part of her employment, the plaintiff was also required to work as a counselor at Mystic Aquarium's summer camp program which ran from the middle of July to the third week in August.

11. The plaintiff started working at the Sea School at Mystic Aquarium on April 14, 2014 and continued working in that position until July 17, 2015 at a base rate of pay of $15.88 per hour. From July 16, 2014 to August 22, 2014, the plaintiff worked as a counselor at the summer camp at the same rate of pay, but still had to prepare for the next school session.

12. Although defendants Sea Research Foundation, Inc. d/b/a Mystic Aquarium classified and treated the plaintiff as an exempt employee, her position and actual duties did not meet the definition of an exempt employee or an employee employed in a bona fide professional capacity as set forth in § 31-60-16 of the Regulations of Connecticut State Agencies.

13. As a non-exempt employee, the plaintiff was entitled to be paid one and one-half times her regular hourly rate for all hours of work for the defendants in excess of forty hours in a one week period.

14. During the course of her employment at the Sea School and summer camp at Mystic Aquarium, the plaintiff regularly worked for the defendants in excess of forty hours in a one week period and kept records of the time and hours she worked for the defendants.

15. The plaintiff's records indicate that from April 14, 2014 to July 17, 2015, she worked a total of 1,796.51 in overtime hours, well above the maximum of 40 hours in a one week period.

3

16. The defendants intentionally did not pay the plaintiff at a rate of one and one-half times her regular hourly rate of $15.88 for hours worked in excess of forty hours in a week, in violation of the overtime provisions of the CMWA including C.G.S. §§ 31-68 and 31-76b to 31-76c.

17. The defendants' failure to pay the plaintiff overtime wages as required by Connecticut state law and regulations was wilful, arbitrary and/or in bad faith inasmuch as the defendant was aware of its obligations to pay the plaintiff in accordance with the Connecticut minimum wage and overtime regulations, but chose to ignore its obligations.

18. As a result of the defendants' failure to pay the plaintiff overtime in accordance with the overtime provisions of the CMWA including C.G.S. §§ 31-68 and 31-76b to 31-76c, the plaintiff has been damaged.

**Count Two: [Federal Overtime Violations, FLSA 29 U.S.C. § 207]**

1-15. The plaintiff re-alleges and incorporates by reference Paragraphs 1 through 15 of Count One as Paragraphs 1 through 15 of this Count Two as if more fully stated herein.

16. At all relevant times mentioned herein, defendants Sea Research Foundation, Inc. d/b/a Mystic Aquarium was an "enterprise" engaged in commerce or in the production of goods for commerce as defined by the federal FLSA as set forth in 29 U.S.C. § 203(s).

4

17. At all relevant times mentioned herein, plaintiff Lisa Treat-Perry was an employee of defendants Sea Research Foundation, Inc. d/b/a Mystic Aquarium and was engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a)(1).

18. At all relevant times mentioned herein, the plaintiff was a non-exempt employee, as defined by State and federal regulations and was entitled to be paid one and one-half times her regular hourly rate for all hours of work for the defendants in excess of forty hours in a one week period.

19. The defendants did not pay the plaintiff at a rate of one and one-half times her regular hourly rate of $15.88 for hours worked in excess of forty hours in a week, in violation of the overtime provisions of the FLSA including 29 U.S.C. § 207.

20. The defendants' failure to pay the plaintiff overtime wages, as required by Connecticut and federal law, was wilful inasmuch as the defendants were aware of their obligations to pay the plaintiff in accordance with the FLSA statutes and regulations regarding overtime pay, but chose to ignore its obligations.

21. As a result of the defendants' failure to pay the plaintiff overtime in accordance with the FLSA statutes and regulations regarding overtime pay, the plaintiff has been damaged.

HOWARD, KOHN SPRAGUE & FITZGERALD, LLP • ATTORNEYS-AT-LAW
237 BUCKINGHAM STREET • P.O. BOX 261798 • HARTFORD, CT 06126-1798 • (860) 525-3101 • JURIS NO. 28160

## Count Three: [Constructive Termination]

1-18. The plaintiff re-alleges and incorporates by reference Paragraphs 1 through 18 of Count One as Paragraphs 1 through 18 of this Count Three as if more fully stated herein.

19-22. The plaintiff re-alleges and incorporates by reference Paragraphs 18 through 21 of Count Two as Paragraphs 19 through 22 of this Count Three as if more fully stated herein.

23. At all relevant times mentioned herein, plaintiff Lisa Treat-Perry was an at-will employee of the defendants and was the lead teacher at the Sea School and a counselor at the summer camp operated by Mystic Aquarium.

24. The Connecticut Office of Early Childhood ("OEC") was established in 2013 to coordinate and improve the various early childhood programs and components in the state to create a cohesive high-quality early childhood system. The OEC oversees a coordinated system of early childhood care, education and support. The mission of the OEC is to promote and ensure a safe and healthy learning environment where children can and thrive and where each child is surrounded by a strong network of nurturing adults who deeply value the importance of the first years of a child's life and have the skills, knowledge, support and passion to meet the unique needs of every child.

HOWARD, KOHN SPRAGUE & FITZGERALD, LLP • ATTORNEYS-AT-LAW
237 BUCKINGHAM STREET • P.O. BOX 261798 • HARTFORD, CT 06126-1798 • (860) 525-3101 • JURIS NO. 28160

25. In order to achieve the mission and goal of the OEC, the State and OEC enacted various standards, policies, regulations and licensing requirements for all early childhood care and schooling facilities which included the Sea School and the summer camp run by Mystic Aquarium.

26. The various standards, policies, regulations and licensing requirements for all early childhood care and schooling facilities set by the State and the OEC reflect a public policy of promoting and ensuring the heath, safety and welfare of all children enrolled in early childhood care and schooling facilities including the Sea School, the summer camp run by the Sea School as well as all other similar pre-school facilities.

27. During the time that the plaintiff was employed by the defendants, the defendants had an obligation to follow and adhere to the standards, policies, regulations and licensing requirements set by the State and the OEC.

28. During the time that the plaintiff was employed by the defendants, she repeatedly attempted to get the defendants to comply with the standards, policies, regulations and licensing requirements set by the State and the OEC including the adoption of and following specific policies regarding: staff training; mandatory background investigations; maintaining proper staff to student ratios; fire drills; evacuations; cleaning of classrooms; use of specific cleaning materials; removal of potentially hazardous

7

substances; discontinuing the use of specific toxic chemicals for cleaning; notifications to parents; and reporting illnesses.

29. In response to her efforts to get the defendants to comply with the standards, policies, regulations and licensing requirements set by the State and the OEC, Kelly Matis, the Vice-President and Director of the Sea School, repeatedly admonished, berated, scolded, criticized and verbally reprimanded the plaintiff for her efforts and specifically instructed the plaintiff not to follow certain standards, policies, regulations and licensing requirements set by the State and the OEC thereby placing the children enrolled in the Sea School and the summer camp at risk.

30. On multiple occasions, Kelly Matis told the plaintiff that the Sea School did not have to follow some or all of the standards, policies, regulations and licensing requirements set by the State and the OEC, which the plaintiff was legally required to follow, on the basis that the Sea School has its own standards and policies which the plaintiff had to follow in order to keep her employment even if they conflicted with or were less stringent than those set by the State and/or the OEC which they often were.

31. As a result of the repeated admonishments, insults, criticisms, scoldings and verbal reprimands by Kelly Matis and the Sea School's refusal to follow certain standards, policies, regulations and licensing requirements set by the State and the OEC, the plaintiff became increasingly uncomfortable in her position as lead teacher and camp counselor

8

and also became increasingly concerned about the health, safety and welfare of the children enrolled at the Sea School and the summer camp.

32. By July of 2014, it became clear to the plaintiff that her efforts to get the Sea School and summer camp to comply with the standards, policies, regulations and licensing requirements set by the State and the OEC were unwelcome and that Kelly Matis would continue to admonish, berate, criticize, scold and verbally reprimand her for her efforts.

33. As a result, the plaintiff felt that she had no choice but to leave her position with the Sea School and the summer camp.

34. The plaintiff's last day as lead teacher and summer camp counselor at the Sea School and summer camp at Mystic Aquarium was July 17, 2015.

35. As a result of the conduct of Kelly Matis and the Sea School, the plaintiff's employment with the defendants was constructively terminated and she has sustained damages.

### Count Four: [Defamation]

1-35. The plaintiff re-alleges and incorporates by reference Paragraphs 1 through 35 of Count Three as Paragraphs 1 through 35 of this Count Four as if more fully stated herein.

36. Upon the termination of the plaintiff's employment with the defendants, Kelly Matis intentionally and with malice placed a "do not rehire/not eligible for rehire" notice in

9

the plaintiff's personnel file which would have a negative impact on any potential new employers with whom the plaintiff filed an employment application.

37. After leaving her employment with the defendants, the plaintiff applied for a position as a talent acquisition specialist with Northwell Health which is a large heath care provider which provides health care services in the greater New York City area.

38. During the plaintiff's hiring process, Northwell Health's recruiting agent contacted the defendants in order to verify her employment, investigate the reasons for her departure and to determine if the plaintiff was eligible to be rehired.

39. Upon information and belief, the defendants informed Northwell Health's recruiting agent that the plaintiff was not eligible to be rehired, but would not provide any further details as to why the plaintiff was not eligible.

40. As a result, the plaintiff had to explain to the recruiting agent and to Northwell Health why she left her employment with the defendants and why she was not eligible to be rehired which caused her great embarrassment and concerned about the possibilities of future advancement with Northwell Health.

41. By informing Northwell Health's recruiting agent that the plaintiff was not eligible to be rehired, the defendants intentionally published a defamatory statement which identified the plaintiff to a third person which impugned and damaged the plaintiff's reputation with her new employer.

10

42. As a result of the defendants' conduct, as described above, the plaintiff sustained damages.

**WHEREFORE**, the plaintiff claims the following:

1. Monetary damages in an amount of $15,000 or more exclusive of interest and costs;

2. Double damages pursuant to C.G.S. §§ 31-68 and 31-72;

3. Attorneys' fees and costs pursuant to C.G.S. §§ 31-68 and 31-72;

4. Double damages or liquidated damages pursuant to 29 U.S.C. § 216(b);

5. Attorneys' fees pursuant to the FLSA;

6. The award of pre and post-judgment interest;

7. Punitive damages; and

7. Such other relief, legal or equitable, that the Court deems just and proper.

          PLAINTIFF
          LISA TREAT-PERRY

By _____
    Jamie P. Sullivan, Esq.
    Christopher M. Harrington, Esq.
    Howard, Kohn, Sprague & FitzGerald
    237 Buckingham Street
    Hartford, Connecticut 06126-1798
    (860) 525-3101 Juris No. 28160
    Her Attorney

11

| | |
|---|---|
| RETURN DATE:  August 22, 2017 | : SUPERIOR COURT |
| LISA TREAT-PERRY | : J.D. OF MIDDLESEX |
| v. | : AT MIDDLETOWN |
| SEA RESEARCH FOUNDATION, INC. d/b/a MYSTIC AQUARIUM and MYSTIC AQUARIUM | : July 14, 2017 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand in the above-captioned action exceeds $15,000.00 exclusive of interest, costs and attorneys fees.

                                              PLAINTIFF
                                              LISA TREAT-PERRY

By _____
Jamie F. Sullivan, Esq.
Christopher M. Harrington, Esq.
Howard, Kohn, Sprague & FitzGerald
237 Buckingham Street
Hartford, Connecticut 06126-1798
(860) 525-3101 Juris No. 28160
Her Attorney

12