# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA TREAT-PERRY | : | CIVIL ACTION NO. |
| | : | 3:17-cv-01330-VAB |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| SEA RESEARCH FOUNDATION, INC. d/b/a | : | |
| MYSTIC AQUARIUM and MYSTIC AQUARIUM | : | |
| | : | |
| Defendants | : | SEPTEMBER 6, 2017 |

## ANSWER AND AFFIRMATIVE DEFENSES

Sea Research Foundation, Inc. d/b/a Mystic Aquarium ("SRF") by and through its attorneys, McElroy, Deutsch, Mulvaney and Carpenter, LLP, responds to the allegations of the Complaint as follows:

## COUNT ONE: [Violations of the Connecticut Minimum Wage Act C.G.S. § 31-58 *et seq*.]

1.     Denies the allegations in paragraph 1 of Count One, except admits that plaintiff was employed by SRF as a teacher in the Sea School and denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation that plaintiff resides at 12 Ledgebrook Road, Moodus, Connecticut 06469, except admits that plaintiff completed employment forms in which she stated that she resides at 12 Ledgebrook Road, Moodus, Connecticut 06469.

2.     Admits the allegations in paragraph 2 of Count One.

3.     Denies the allegations in paragraph 3 of Count One, except admits that SRF, located at 55 Coogan Boulevard, Mystic, Connecticut 06355, operates, *inter alia*, a licensed pre-school and summer camp for young children in compliance with the rules and regulations

of the State of Connecticut's Office of Early Childhood.

4.      Denies the allegations in paragraph 4 of Count One, except admits that SRF does business as Mystic Aquarium.

5.      Admits the allegations in paragraph 5 of Count One.

6.      Denies the allegations in paragraph 6 of Count One, except admits that SRF does business as Mystic Aquarium.

7.      The allegations in paragraph 7 of Count One are a legal conclusion to which no response is necessary, except admits that SRF is an employer in the State of Connecticut.

8.      The allegations in paragraph 8 of Count One are a legal conclusion to which no response is necessary, except admits that SRF is an employer in the State of Connecticut.

9.      The allegations in paragraph 9 of Count One are a legal conclusion to which no response is necessary, except admits that SRF employed plaintiff.

10.      Denies the allegations in paragraph 10 of Count One, except admits that plaintiff was employed as the lead teacher in the Sea School, which is a pre-school program, and also admits that plaintiff was the lead teacher in the summer camp program, both of which are operated by SRF.

11.      Denies the allegations in paragraph 11 of Count One, except admits that plaintiff was employed as the lead teacher in the Sea School and as the lead teacher in the summer camp program.  SRF also admits that plaintiff was employed in that capacity from April 14, 2014 through July 17, 2015.

12.      The allegations in paragraph 12 of Count One are a legal conclusion to which no response is necessary, except admits that plaintiff was an exempt employee employed in a bona

fide professional capacity as set forth in § 31-60-16 of the Regulations of Connecticut State Agencies and 29 C.F.R. § 541.303.

13.     The allegations in paragraph 13 of Count One are a legal conclusion to which no response is necessary, except denies that plaintiff was a non-exempt employee.

14.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in paragraph 14 of Count One that plaintiff kept records of the time and hours she worked for SRF, except denies that plaintiff worked about the maximum number of hours permitted by law.

15.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in paragraph 15 of Count One that plaintiff kept records of the time and hours she worked for SRF, except denies that plaintiff worked above the maximum number of hours permitted by law.

16.     Denies the allegations in paragraph 16 of Count One.

17.     Denies the allegations in paragraph 17 of Count One.

18.     Denies the allegations in paragraph 18 of Count One.

**COUNT TWO: [Federal Overtime Violations, FLSA 29 U.S.C. § 207]**

1-15.   SRF repeats and realleges its responses to paragraphs 1-15 of Count One as if set out more fully herein.

16.     The allegations in paragraph 16 of Count Two are a legal conclusion to which no response is necessary.

17.     The allegations in paragraph 17 of Count Two are a legal conclusion to which no response is necessary, except admits that plaintiff was employed by SRF.

18.     The allegations in paragraph 18 of Count Two are a legal conclusion to which no response is necessary, except denies that plaintiff was a non-exempt employee.

19.     Denies the allegations in paragraph 19 of Count Two, except admits that plaintiff was paid a salary.

20.     Denies the allegations in paragraph 20 of Count Two.

21.     Denies the allegations in paragraph 21 of Count Two.

**COUNT THREE: [Constructive Termination]**

1-18.     SRF repeats and realleges its responses to paragraphs 1-18 of Count One as if set out more fully herein.

19-22.     SRF repeats and realleges its responses to paragraphs 19-22 [sic] of Count Two as if set out more fully herein.

23.     Admits the allegations in paragraph 23 of Count Three.

24.     The allegations in paragraph 24 of Count Three are a legal conclusion to which no response is necessary, except admits that the Connecticut Office of Early Childhood is a state agency that licenses and regulates early childhood programs.

25.     The allegations in paragraph 25 of Count Three are a legal conclusion to which no response is necessary, except admits that the Connecticut Office of Early Childhood is a state agency that licenses and regulates early childhood programs.

26.     The allegations in paragraph 26 of Count Three are a legal conclusion to which no response is necessary, except admits that the Connecticut Office of Early Childhood is a state agency that licenses and regulates early childhood programs.

27.     The allegations in paragraph 27 of Count Three are a legal conclusion to which

no response is necessary, except admits that the Connecticut Office of Early Childhood is a state agency that licenses and regulates early childhood programs and also admits that SRF operates a early childhood program.

28.     Denies the allegations in paragraph 28 of Count Three, except admits that the early childhood program operated by SRF was in compliance with the rules and regulations of the Connecticut Office of Early Childhood.

29.     Denies the allegations in paragraph 29 of Count Three.

30.     Denies the allegations in paragraph 30 of Count Three.

31.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in paragraph 31 of Count Three that plaintiff became increasingly uncomfortable in her position as lead teacher and camp counselor or that plaintiff became increasingly concerned about the health, safety and welfare of the children enrolled in the Sea School and the summer camp, except denies that any reasonable person would have been increasingly uncomfortable in the position as lead teacher and camp counselor at SRF or that any reasonable person would have been increasingly concerned about the health, safety and welfare of the children enrolled in the Sea School and the summer camp.  SRF also denies that Ms. Kelly Matis made any inappropriate remarks or comments to plaintiff.

32.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 32 of Count Three as to what was clear to plaintiff, except denies that SRF did not comply with standards, policies, regulations and licensing requirements of Connecticut Office of Early Childhood.  SRF also denies that Ms. Kelly Matis made any inappropriate remarks or comments to plaintiff.

33.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in paragraph 33 of Count Three that plaintiff felt she had no choice but to leave her position with the Sea School and summer camp at SRF, except denies that a reasonable person would have been forced to resign.

34.     Admits the allegations in paragraph 34 of Count Three.

35.     Denies the allegations in paragraph 35 of Count Three.

**COUNT FOUR: [Defamation]**

1-35.   SRF repeats and realleges its responses to paragraphs 1-35 of Count Three as if set out more fully herein.

36.     Denies the allegations in paragraph 36 of Count Four, except admits that a notation "do not rehire/not eligible for rehire" was placed in plaintiff's personnel file.

37.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 37 of Count Four.

38.     Denies the allegations in paragraph 38 of Count Four.

39.     Denies the allegations in paragraph 39 of Count Four.

40.     Denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 40 of Count Four that plaintiff had to explain why she left employment with SRF, except denies that SRF provided any information to a recruiting agent or to any person at Northwell Health as to the circumstances of plaintiff's termination or her eligibility for rehire.

41.     Denies the allegations in paragraph 41 of Count Four.

42.     Denies the allegations in paragraph 42 of Count Four.

## AFFIRMATIVE DEFENSES

As a First Affirmative Defense to all Counts, plaintiff has failed to state a claim upon which relief may be granted.

As a Second Affirmative Defense to Counts One and Two, plaintiff was an "exempt" employee for which no overtime was required.

As a Third Affirmative Defense to Counts One and Two, these counts are barred by the applicable statute of limitations.

As a Fourth Affirmative Defense to Count Four, statements regarding an employee's job performance are protected by a qualified privilege.

As a Fifth Affirmative Defense to Count Four, the statement "do not rehire/not eligible for rehire" is a true statement and thus not defamatory.

As a Sixth Affirmative Defense to Count Four, the statement "do not rehire/not eligible for rehire" is not defamatory.

DEFENDANTS:
SEA RESEARCH FOUNDATION, INC. d/b/a
MYSTIC AQUARIUM AND MYSTIC AQUARIUM


By: _____
Bernard E. Jacques (ct12293)
McElroy, Deutsch, Mulvaney & Carpenter, LLP
One State Street, 14th Floor
Hartford, CT 06103
Tel:  860-522-5175
Fax:  860-522-2796
bjacques@mdmc-law.com

233094/0110/1456265v1
09/06/17-HRT

## CERTIFICATION

This is to certify that on September 6, 2017, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the court's CM/ECF system.

**COUNSEL FOR PLAINTIFF:**
James F. Sullivan, Esq.
Christopher M. Harrington, Esq.
Howard, Kohn, Sprague & FitzGerald
237 Buckingham Street
Hartford, CT  06126-1798
Tel: (860) 525-3101
jfs@hksflaw.com
cmh@hksflaw.com

Bernard E. Jacques

233094/0110/1456265v1
09/06/17-HRT