UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LISA TREAT-PERRY | : | CIVIL ACTION NO. |
| | : | 3:17-cv-01330-VAB |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| SEA RESEARCH FOUNDATION, INC. d/b/a | : | |
| MYSTIC AQUARIUM and MYSTIC AQUARIUM | : | |
| | : | |
| Defendants | : | OCTOBER 2, 2017 |

## OBJECTION TO MOTION TO AMEND COMPLAINT

Plaintiff having initially pled a claim of a violation of the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201 *et seq.*, which conferred jurisdiction on this Court, now seeks to

deprive this Court of jurisdiction by deleting that claim.  However, "[i]t is well established that

the continued jurisdiction of a federal court after proper removal will not be allowed to be

determined by the whim and caprice of the plaintiff by manipulation of the Complaint by

amendment." *Jacks v. Torrington Co.,* 256 F. Supp. 282, 287 (D.S.C. 1966); *St. Paul*

*Mercury Indemnity co. v. Red Cab Co.,* 303 U.S. 283, 294 (1938) ("If plaintiff could, no

matter how *bona fide* his original claim in the state court, reduce the amount of his demand to

defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject

to plaintiff's caprice.  The claim, whether well or ill-founded in fact, fixes the right of the

defendant to remove, and plaintiff ought not to be able to defeat that right and bring the cause

back to the state court at his election.").

## I.   MOTION TO AMEND MADE IN 'BAD FAITH' SHOULD BE DENIED

Under Rule 15(a) (2), a district court should "freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a) (2).  However, denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment. *United States ex rel. Steury v. Cardinal Health, Inc.,* 625 F.3d 262, 270 (5th Cir.2010). Bad faith has been found when a "plaintiff attempts to destroy the federal court's removal jurisdiction over the case by altering the complaint so that the case will be remanded." 6 Wright, Miller & Kane, Federal Practice & Procedure § 1487 (3d ed.2010).  Thus, a plaintiff will not be permitted to amend her complaint in order to remove any federal claims merely in an attempt to deprive the district court of jurisdiction. *See Angus v. Shiley Inc.,* 989 F.2d 142, 145 (3rd Cir.1993) ("a plaintiff following removal cannot destroy federal jurisdiction simply by amending a complaint"); *Boelens v. Redman Homes, Inc.,* 759 F.2d 504, 507 (5th Cir.1985) (noting the rule that "a plaintiff cannot oust removal jurisdiction by voluntarily amending the complaint to drop all federal questions."); *Sanchez v. Laredo Indep. Sch. Dist.,* 2010 WL 466003 at * 2 (S.D.Tex. Feb.9, 2010) (finding that a plaintiff may not divest a district court of federal question jurisdiction simply by amending the complaint so that only claims under state law remain); *Ehrhardt v. Elec. & Instrumentation Unlimited of La.,* 137 F.Supp.2d 765, 766 (E.D.Tex.2001) (denying motion to amend complaint where since amendment was intended only to defeat the court's jurisdiction).  *See* also, 14B Wright, Miller, Cooper & Steinman, Federal Practice And Procedure, § 3721 (2009 4th ed.) ("a plaintiff cannot destroy federal question jurisdiction by dismissing federal question claims").

2

## II.    AMENDMENT DROPPING FEDERAL CLAIM DOES NOT DIVEST DISTRICT COURT OF JURISDICTION

As plaintiff makes clear in her Motion to Amend Complaint and Remand ("Motion"), she seeks to amend her complaint solely to deprive this court of jurisdiction. She writes, without citing any judicial authority, that "[a]s a result of the proposed amendment of the complaint in this court in which the plaintiff will remove the F.L.S.A. claim, this court will no longer have subject matter jurisdiction. This court will no longer have jurisdiction because there will no longer be a federal question and there is no diversity of citizenship between the parties." Motion p. 3.

Plaintiff is wrong. A plaintiff cannot divest the court of removal jurisdiction by proposing to amend her complaint. *See, e.g.*, *Bouie v. Equistar Chemicals LP*, 188 Fed.Appx. 233 (5th Cir. 2006) (plaintiff's amending complaint to defeat federal jurisdiction would be futile because a court looks at claims in state court petition as they existed at time of removal when determining whether federal jurisdiction is present for purposes of removal); *Stanford v. Caesars Entertainment, Inc.*, 430 F.Supp.2d 749, 759 (W.D. Tenn., 2006) (a plaintiff may not amend his complaint after removal solely to defeat federal (citing *Johnson v. First Federal Sav. and Loan Ass'n of Detroit*, 418 F.Supp. 1106, 1108 (D. Mich. 1976))); *Kobaissi v. American Country Ins. Co.*, 80 F.Supp.2d 488 (E.D. Pa., 2000) (in diversity case, plaintiff may not subsequently amend complaint so as to defeat federal jurisdiction; amount in controversy required for removal to federal court of diversity action is determined as of date of removal) (citing *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993)); *Harris v. Provident Life & Accident Ins. Co.*, 26 F.3d 930, 932 (9th Cir. 1994); *Ching v. Mitre Corp.*, 921 F.2d 11, 13 (1st Cir. 1990) (a plaintiff may not amend a complaint after removal in order to defeat federal

3

jurisdiction); *Johnson v. First Federal Sav. and Loan Ass'n of Detroit*, 418 F.Supp. 1106

(D.C. Mich. 1976) (accord) (citing *Brown v. Eastern States Corp.*, 181 F.2d 26 (4th Cir.

1950), *cert. denied*. Simply stated, "[i]t is a fundamental principle of law that whether subject

matter jurisdiction exists is a question answered by looking to the complaint as it existed at the

time the petition for removal was filed." *Moscovitch v. Danbury Hosp.*, 25 F. Supp. 2d 74,

79 (D. Conn. 1998) (quoting *Collins v. Dartmouth Plan, Inc.,* 646 F.Supp. 244, 245

(D.Conn.1986) (citation omitted)). When this case was removed, there was a federal claim

and, therefore, deleting that federal claim though a motion to amend does not defeat this

Court's jurisdiction. *Id.*

III. **MOTION TO REMAND SHOULD BE DENIED**

Plaintiff's litigation tactics are evident. After having included a federal claim in her

initial complaint, she now seeks to withdraw that claim solely in an attempt to divest this court

of jurisdiction. She simply does not want to be in federal court. There is no other basis for

remand offered by plaintiff. As can be seen from her submitted Amended Complaint, she

intends to maintain her state law wage claim, which is a mirror of her FLSA claim. In both

she claims that although she was a pre-school teacher with a degree in pre-school education,

she was a non-exempt employee. In short, the amended complaint shows that plaintiff is openly

engaging in judicial forum shopping.

The United States Supreme Court has advised district courts that they should "consider

whether the plaintiff has engaged in any manipulative tactics when it decides whether to

remand a case. If plaintiff has attempted to manipulate the forum, the Court should take this

behavior into account in determining whether the balance of factors to be considered under the

pendent jurisdiction doctrine support a remand in the case." *Carnegie-Mellon University v.*

4

*Cohill,* 484 U.S. 343, 357 (1988).  As the Supreme Court directed, district courts should

"guard against forum manipulation."  *Id.*

Although this Court has discretion to remand, it should not do so.  The logic of the

Fifth Circuit is compelling:

> "When a plaintiff chooses a state forum, yet also elects to press federal claims, [she]
> runs the risk of removal.  A federal forum for federal claims is certainly a defendant's
> right.  If a state forum is more important to the plaintiff than his federal claims, [she]
> should have to make that assessment before the case is jockeyed from state court to
> federal court and back to state court.  The jockeying is a drain on the resources of the
> state judiciary, the federal judiciary and the parties involved; tactical manipulation [by
> the] plaintiff ... cannot be condoned."

*Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985).  If the federal claim were

dropped, the remaining state claims pose no novel issues of state law. Nor are there are any

unsettled questions of state law.  Plaintiff, an at-will employee, claims that she was

constructively terminated and defamed by her employer.  Therefore, there is no compelling

reason to remand and plaintiff's obvious forum shopping provides a strong reason not to

remand this case.

WHEREFORE, for the reasons stated above, plaintiff's motion to remand should be

denied.

DEFENDANTS: SEA RESEARCH FOUNDATION,
INC. d/b/a MYSTIC AQUARIUM AND MYSTIC
AQUARIUM

By: _____
Bernard E. Jacques (ct12293)
McElroy, Deutsch, Mulvaney & Carpenter, LLP
One State Street, 14th Floor
Hartford, CT 06103
Tel:  860-522-5175
Fax:  860-522-2796
bjacques@mdmc-law.com

5

233094/0110/1458547v1
10/02/17-HRT

## CERTIFICATION

This is to certify that on October 2, 2017, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing.  Parties may access this filing through the court's CM/ECF system.


Bernard E. Jacques