UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LISA TREAT-PERRY | :   CIVIL ACTION NO.: |
|     Plaintiff | :   3:17-CV-01330-VAB |
| v. | : |
| | : |
| SEA RESEARCH FOUNDATION, INC. | : |
| d/b/a MYSTIC AQUARIUM and | : |
| MYSTIC AQUARIUM | : |
|     Defendants | :   October 16, 2017 |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S**
**OBJECTION TO MOTION TO AMEND COMPLAINT**

The plaintiff, Lisa Treat-Perry, files this Reply to the defendants' Objection, dated October 2, 2017, to the plaintiff's Motion to Amend Complaint and Remand dated September 22, 2017. The plaintiff maintains that her motion to amend should be granted and the cases remanded back to state court. The plaintiff's motion should be granted because the plaintiff has the right to choose which claims she wishes to pursue and to have her claims adjudicated in the state court, where they were initially filed. In addition, the plaintiff's motion was not filed in bad faith, and the Court should decline to exercise supplemental jurisdiction over the remaining state law claims.

**I.     The Plaintiff's Motion Should Be Granted and the Case Remanded Back to the State Court.**

Federal Rule of Civil Procedure 15(a)(2) states that the "court should freely give leave when justice so requires" to a party who wishes to amend his or her pleading and the

proposed amendment is outside the "matter of course" parameters of 15(a)(1).  Fed. R. Civ. P. 15(a)(2).  28 U.S.C.S. §1447(c) also states in pertinent part that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C.S. §1447(c) (2011).  The inclusion of the word "shall" mandates that once a district court is divested of jurisdiction, the matter **must** be remanded back to state court.

As stated above, Fed.R.Civ.P. 15(a) requires a district court to grant leave to amend "freely ... when justice so requires."  It is also well settled that the plaintiff in a non-diversity action is the master of his or her complaint and may avoid federal subject-matter jurisdiction by relying exclusively on state law.  Loftis v. UPS, Inc., No. 3:01-cv-267, 2001 U.S. Dist. LEXIS 25300 (E.D. Tenn. August 23, 2001) (*citing*, Caterpillar Inc. v. Williams, 482 U.S. 386, 392-94 (1987)).  The plaintiff in this case is now moving to amend her complaint to remove the FLSA claim.

The case of United States ex rel. Steury v. Cardinal Health, Inc., 625 F.3d 262, 270 (5th Cir. 2010) stands for the proposition that a district court abuses its discretion when, in denying a timely motion to amend, gives no reason for that denial, at least when the defendant would not be unduly prejudiced by the amendment.  That court, however, also recognizes that "a decision to grant leave is within the discretion of the court...."  Id. (citing State of Louisiana v. Litton Mortg. Co., 50 F.3d 1298, 1302-03 (5th Cir. 1995).

In their opposition to the Motion to Amend, the defendant cites to the case of Angus v. Shiley, Inc., 989 F.2d 142 (3d Cir. 1993) in support of the position that it is improper for the plaintiff to amend her complaint in order to remove the FLSA claim.  The issues involved in Angus, however, are different from the ones involved in this case.  The issues in Angus involved the amount in controversy and diversity of jurisdiction.  The court in Angus, entertained the prospect of whether a plaintiff might stipulate that the amount in controversy is less than the monetary floor to divest diversity jurisdiction and held that a plaintiff may not amend a complaint after removal, when the monetary floor was initially satisfied, thereby destroying diversity.  In Angus, jurisdiction of the district court was based on diversity of citizenship and the amount in controversy.  The issue of a federal question was not brought up, making that case somewhat different than the case at bar.

In further support of their position, the defendants cite to the case of Boelens v. Redman Homes, Inc., 759 F.2d 504, 507 (5th Cir. 1985).  In Boelens, the court noted that many courts maintain that a plaintiff's voluntary amendment to a complaint after removal to eliminate the federal claim upon which removal was based will not defeat federal question jurisdiction, but also noted that there is authority to the contrary.  In footnote 1, the court in Boelens cited to Highway Constr. Co. V. McClelland, 15 F.2d 187, 188 (8th Cir. 1926) which held that a plaintiff, after federal jurisdiction has attached, may so change his or her pleadings voluntarily so that the court will no longer have jurisdiction on the face of the

pleading. If this is done, it then becomes the duty of the court to remand the case back to state court if it was originally filed there and then removed to federal court. Boelens, *supra*, at p. 507. The Boelens court also referred to Solanics v. Republic Steel Corp., 34 F. Supp. 951 (N.D. Ohio 1940) in which the court granted plaintiff's motion to remand the case back to state court where, after removal, but before the defendants had filed an answer, the plaintiff filed a second amended complaint that omitted all allegations under federal law, leaving only state claims. Boelens, at 507 n.1.

The court in Boelens was ultimately confronted with the question whether to look to the original complaint or the amended complaint in assessing original federal jurisdiction under a federal question and ended up concluding that it was the amended complaint that superseded the original and rendered the original complaint of no legal effect, unless the amended complaint specifically referred to or adopts the earlier pleading. Id. at 508 (citations omitted.) The Plaintiff's amended complaint in this case does not refer to or adopt any of the FLSA allegations thereby only leaving state law claims.

The defendant also relies upon the decision in Sanchez v. Laredo Indep. Sc. Dist., 2010 WL 466003 at *5-6 (S.D. Tex. Feb. 9 2010) for further support that the plaintiff is not entitled to amend her complaint to divest jurisdiction. The court in Sanchez found that since the plaintiff did not file a motion for leave to amend her petition, that court declined to answer whether such a motion would be granted. That court did, however, evaluate the

4

plaintiff's reliance on Harless v. CSX Hotels, Inc., 389 F.3d 444 (4th Cir. 2004) and found it misguided, because Harless did not stand for the proposition that a plaintiff may divest a district court of federal question jurisdiction merely by amending the complaint so that only claims under state law remain.  The Harless court considered the reasoning behind such an amendment.

In addition to the cases cited above, the defendant relies upon the decision in Ehrhardt v. Elec. & Instrumentation Unlimited, 137 F. Supp. 2d 765 (E.D. Tex 2001).  The court in Ehrhardt was faced with a two pronged attack on its jurisdiction.  In that case, the plaintiff sought to drop his Title VII claim and add a new non-diverse defendant.  The primary issue in Ehrhardt concerned whether or not the non-diverse defendant should be allowed to be added and concluded that such an attempted addition should be scrutinized more closely than an ordinary amendment.  Id. at 766.  Indeed, the court thought that the "crucial inquiry" was whether or not to permit the joinder of the non-diverse defendant as opposed to simply amending the complaint to remove the count creating federal jurisdiction.  Id.  There were four factors that the court looked to when performing its assessment, but these were viewed through a lens scrutinizing the addition of a party, not the deletion of a federal question, as in the instant case.

Prior to the enactment of 28 U.S.C. § 1367 in 1990, the United States Supreme Court in United Mine Workers of America, v. Gibbs, 383 U.S. 715 (1966) listed four factors

5

for courts to look to and analyze when deciding whether to remand a removed case back to state court - judicial economy, convenience, fairness to litigants and state comity. Gibbs at 726. The "so called" Gibbs factors are still useful in providing "guiding principals" regarding supplemental jurisdiction and can still help to guide a court in deciding whether to retain jurisdiction or remand the remaining claims back to state court. Jordan v. Stonemore Partners, L.P., 2017 U.S. Dist. LEXIS 6460 (W. Dist. VA, 1/17/17)).

In addressing the mandates set forth in 28 U.S.C. § 1367, the court in McLaurin v. Prater, 30 F.3d 982, 985 (8th Cir. 1994) held that a district court:

> may decline to exercise its supplemental jurisdiction and hear the remaining state law claims if: (1) the state law claims raise a novel or complex issue of state law; (2) the state law claims predominate over the claims over which the Court had original jurisdiction; (3) the Court dismissed all claims over which it had original jurisdiction; or (4) in "exceptional circumstances," there are other compelling reasons for declining jurisdiction.

McLaurin v. Prater, 30 F.3d 982, 985 (8th Cir. 1994) (*quoting,* 28 U.S.C. § 1367(c)). If one of these statutory factors is present, the Court must weigh the interests of judicial economy, convenience, fairness, and comity to determine whether to exercise jurisdiction. Keating v. Neb Pub. Power Dist., 660 F.3d 1014, 1019 (8th Cir. 2011) (listing the "Gibbs factors" from United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966)). "[I]n the usual case," these factors will "point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

In this case, assuming that the court grants the plaintiff's motion to amend her complaint, the remaining state law claims will: (1) predominate over the claims on which the district court had original jurisdiction; and (2) the court will have dismissed the FLSA claim. As a result, there will no longer be a federal question and there is no diversity of citizenship. The plaintiff also asks this court follow the long-held deference to allowing state courts to resolve state claims.

There are, in fact, other courts that have permitted the deletion of federal claims from complaints after removal from state courts. In the case of Loftis v. UPS, Inc., No. 3:01-cv-267, 2001 U.S. Dist. LEXIS 25300 (E.D. Tenn. August 23, 2001), the plaintiff filed his law suit in state court, alleging common law torts of outrageous conduct, malicious prosecution and abuse of process. Id. at *3. Some time after that, the plaintiff moved to amend his complaint to include language that alleged that the conduct of the defendants was done either "to gain an advantage in an employment dispute" or "to discharge plaintiff...since he fully and actively exercised his rights as a union member." Id. at *8. (quotations in original). The defendants then filed a timely notice of removal on the grounds that there was now a federal question because the plaintiff's amended complaint set forth a claim that the defendants engaged in unfair labor practices that were prohibited by the Labor-Management Relations Act. Id. at *9-10. The court was of the opinion that

7

the plaintiff had clearly stated a claim under 29 U.S.C. § 158(a) in his amended complaint and so jurisdiction was properly with the federal court. Id. at *13-14.

The plaintiff in Loftis, "perhaps recognizing that this federal court did indeed have jurisdiction over his amended complaint," filed a motion to amend his complaint, deleting all language that would arguably provide a basis for an unfair labor practice claim under 29 U.S.C. § 158(a). Id. at *14. The Loftis court opined that it does not follow that the court "is prevented from allowing plaintiff to further amend his complaint to delete those references to federal law at this juncture." Id. at *15. That amendment was granted by the district court thereby eliminating the federal question. Id. at *15-16. The question then remained as to whether the court should retain supplemental jurisdiction over the state law claims. Id. at *16 The remaining claims were outrageous conduct, malicious prosecution and abuse of process. Id. at *16-17. The court did not think those types of state law claims should be resolved by a federal court and declined to assert supplemental jurisdiction over the remaining state law claims. Id. at *17.

Likewise, the allegations that would remain in this case, should the court grant the plaintiff's motion to amend, would also be inappropriate for resolution by a federal court. The plaintiff maintains that the remaining claims in this case are more appropriate for resolution by the state court.

8

In their opposition, the defendants appear to claim that the plaintiff is engaging in improper conduct by attempting to have her state law claims remanded back to state court. The filing of federal claims in state courts, however, is a legitimate tactical decision by a plaintiff and is certainly not uncommon. In addressing this exact issue, the court in Baddie v. Berkeley Farms, Inc., 64 F.3d 487 (9th Cir. 1995) stated the following:

> Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court. The defendant is not obligated to remove; rather, he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum. If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, *the plaintiff must then choose between federal claims and a state forum.* Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straight-forward tactical decision, and there would be little to be gained in judicial economy by forcing plaintiffs to abandon their federal causes of action before filing in state court.

Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 491 (9th Cir. 1995). The court in Baddie, had to decide whether it was appropriate or not to award attorney's fees to the defendants for their costs incurred in opposing the motion to remand, and held that the plaintiff's conduct was not the type of conduct that 28 U.S.C. § 1447(c) was intended to discourage, and so did not authorize the award of attorney's fees. Id. at 491. Furthermore, the court found "nothing reprehensible about the plaintiffs' maneuvers" so sanctions under Fed. R. Civ. P. 11 would also be unwarranted, and further disagreed with the district court which held that the plaintiffs' pleading practices were manipulative. Baddie, at 491.

9

In this case, plaintiff Lisa Treat-Perry made a tactical decision to file a FLSA along with her state claims in her complaint which was originally filed with the state court. The defendants exercised their right to transfer the case to federal court. The plaintiff must now make a choice between having her claims litigated in federal court or in state court where she initially filed her complaint. The plaintiff in this case has chosen to amend her complaint to remove the FLSA count and desires to have her claims resolved in state court.

For the foregoing reasons the Court should grant the plaintiff's Motion to Amend her Complaint, decline to exercise jurisdiction over the remaining claims, and remand the case back to state court.

PLAINTIFF
LISA TREAT-PERRY

By _____
Christopher M. Harrington, Esq.
Federal Bar No.: ct 16851
James Sullivan, Esq.
Federal Bar No.: ct
Howard, Kohn, Sprague & FitzGerald
237 Buckingham Street
Hartford, Connecticut 06126-1798
(860) 525-3101  Juris No. 28160
Her Attorney
cmh@hksflaw.com

## CERTIFICATION

This is to certify that on October 16, 2017, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the courts's CM/ECF system. Notice of this filing was also sent by email to the following:

Bernard E. Jacques, Esq.
McElroy, Deutsch, Mulvaney & Carpenter
One State Street
Hartford, CT 06103-3102

By_____
Christopher M. Harrington
Commissioner of the Superior Court